United States District Court
Southern District of Texas
**ENTERED**
March 11, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HECTOR PUENTE and TERESA RIVERA, | § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | CIVIL ACTION NO. 4:16-0138 |
| PILLAR INSURANCE COMPANY and MATTHEW GREENHOUSE, | | |
| Defendants. | | |

## MEMORANDUM AND ORDER

This insurance case was removed from the 295th Judicial District Court, Harris County, Texas. The matter is before the Court on Plaintiffs Hector Puente and Teresa Rivera's ("Plaintiffs") Motion to Remand (the "Motion") [Doc. # 7]. Defendant Pillar Insurance Company ("Pillar") filed a Response [Doc. # 10],[1] to which Plaintiff replied [Doc. # 11]. On March 7, 2016, the Court heard argument on the Motion. *See* Hearing Minutes and Order [Doc. # 12]. The Motion is now ripe for determination. After considering the parties' briefing and oral arguments, all matters of record, and the applicable legal authorities, the Court **grants** the Motion.

---

[1] Although Defendant Pillar and Defendant Matthew Greenhouse are represented by the same counsel, the Response to the Motion was filed solely on behalf of Pillar. *See* Doc. # 10, at 1.

## I.     BACKGROUND

Plaintiffs allege that they are the policyholders of a homeowner's insurance policy issued by Pillar.  Exhibit A to Amended Notice of Removal, Plaintiffs' Original Petition (the "Petition") [Doc. # 4-1], at 2, ¶ 8.  Plaintiffs also allege that Defendant Matthew Greenhouse ("Greenhouse") is an independent licensed Texas insurance adjuster.  *Id.*, at 2, ¶ 4.[2]  Plaintiffs allege that they submitted a claim on the policy, but that Defendants mishandled the claim in various ways, including that Defendants "failed to properly adjust the claim and summarily improperly denied the claim with obvious knowledge and evidence of serious cosmetic and structural damage."  *Id.*, at 3, ¶ 12.

Plaintiffs filed the Petition in the 295th Judicial District Court, Harris County, Texas.  The Petition asserts claims only under Texas state law.  Defendant Pillar removed the case to this Court pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.  Amended Notice of Removal [Doc. # 4], at 2, ¶ 2.1.  Pillar is a Florida corporation with its principal place of business in North Carolina.  *Id.*, at 2, ¶ 2.3.  Plaintiffs and Defendant Greenhouse are Texas citizens.  *Id.*, at 2, ¶ 2.2; *id.*, at 4.  Defendant Pillar contends, however, that this Court has subject matter jurisdiction

---

[2]   Although Plaintiffs do not allege that Defendant Greenhouse is an *independent* adjuster, Defendant Pillar represents that he is.  *See* Response [Doc. # 10], at 2, ¶ 1.4.

under 28 U.S.C. § 1332 because Plaintiffs improperly joined Defendant Greenhouse in the Petition. *Id.*, at 4–5.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, __ U.S. __, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Hotze v. Burwell*, 784 F.3d. 984, 999 (5th Cir. 2015); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Gunn*, 133 S. Ct. at 1064 (quoting *Kokkonen*, 511 U.S. at 377). Any state court civil action over which the federal courts would have original jurisdiction may be removed by the defendant to federal court. *See* 28 U.S.C. § 1441(a); *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 228 (5th Cir. 2013).

District courts have both federal question jurisdiction and diversity jurisdiction. Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court also has diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is

between citizens of different States." 28 U.S.C. § 1332(a)(1).[3] For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010); *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015); *see also MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 971 (5th Cir. 2014). The removing party bears the burden of establishing both the existence of federal subject-matter jurisdiction and that removal is otherwise proper. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).

### III. ANALYSIS

A non-diverse defendant may be found to be improperly joined in an action if there is either "actual fraud in the [plaintiff's] pleading of jurisdictional facts" or the removing defendant demonstrates that the plaintiff is unable to establish a cause of action against the non-diverse defendant. *Int'l Energy Ventures Mgmt.,*

---

[3] Plaintiffs do not dispute that the amount in controversy requirement is met in this case. *Cf.* Amended Notice of Removal [Doc. # 4], at 3, ¶ 2.5 ("Plaintiffs' dwelling policy limit and the personal property policy limit are in excess of $75,000.").

*L.L.C. v. United Energy Grp., Ltd.*, 800 F.3d 143, 148 (5th Cir. 2015); *Mumfrey v. CVS Pharm. Inc.*, 719 F.3d 392, 401 (5th Cir. 2013); *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)).  The Fifth Circuit repeatedly has explained that the defendant seeking remand must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recovery against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d. 568, 573 (5th Cir. 2004); *accord, e.g.*, *Int'l Energy Ventures,* 800 F.3d at 149.

The party asserting improper joinder bears a heavy burden of persuasion. *See, e.g.*, *Kling Realty*, 575 F.3d at 514.  "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).[4]  "In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant." *Smallwood*, 385 F.3d. at 574. "Any contested issues of fact and any ambiguities of state law must be resolved in

---

[4] There is some authority that a defendant must prove its assertion of fraudulent joinder by clear and convincing evidence. *Int'l Energy Ventures*, 800 F.3d at 149 (citing *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir. 1990)); *see Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962).  This standard has not been widely adopted and the Court does not rely on it here.

[the plaintiff's] favor." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (citing *Griggs*, 181 F.3d at 699); *accord B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

To determine whether an in-state defendant has been improperly joined, the Court usually "conduct[s] a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.[5] The parties dispute the applicable pleading standard for this analysis. Plaintiffs urge the Court to apply the more lenient Texas notice pleading standard,[6] while Pillar submits that the more stringent federal "plausibility" pleading standard under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), controls the improper joinder

---

[5] Under certain circumstances, the Court may "pierce the pleadings and conduct a summary inquiry." 385 F.3d at 573. No party has requested such a summary inquiry in this case.

[6] In Texas state court, a plaintiff's petition must contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a). This "fair notice" pleading standard is satisfied if the opposing party "can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Dallas Area Rapid Transit v. Morris*, 434 S.W.3d 752, 760 (Tex. App.—Dallas 2014, review denied) (citing *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007)). "A court will look to the pleader's intent 'and the pleading will be upheld even if some element of a cause of action has not been specifically alleged.'" *Morris*, 434 S.W.3d at 761 (quoting *Roark v. Allen*, 663 S.W2d 804, 809 (Tex. 1982)).

6

analysis.[7] The Fifth Circuit recently held that the Texas state pleading standard applies. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 800 F.3d 143, 149 (5th Cir. 2015).

Pillar asserts that Greenhouse was improperly joined because Plaintiffs have not alleged facts sufficient to state a claim against him under Texas state law. Plaintiffs have asserted two Texas state law claims against both Pillar and Greenhouse: (1) violations of the Texas Unfair Competition and Unfair Practices Act, TEX. INS. CODE § 541.001 *et seq.*; and (2) violations of the Texas Prompt Payment of Claims Act, TEX. INS. CODE § 542.001 *et seq.*[8] Pillar argues that Plaintiffs' Petition alleges only facts regarding "Defendants" generally and made no specific allegations regarding Greenhouse individually. Pillar contends that the Petitioner has therefore failed to establish a cause of action against Greenhouse. *See* Response [Doc. # 10], at 5–7.

Applying the Texas "fair notice" pleading standard, the Court is unpersuaded by Defendant Pillar's contention. Although Plaintiffs' Petition is highly general, there are comprehensible state law claims asserted against

---

[7] The general federal pleading standard requires that the complaint "contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft*, 556 U.S. at 678; *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

[8] The remaining causes of action are asserted only against Pillar. *See* Petition [Doc. # 4-1], at 5–6, ¶ 26.

Greenhouse. Specifically, in paragraph 12 of the Petition, Plaintiffs allege conduct that clearly pertains to the insurance adjuster. *See* Doc. # 4-1, at 3, ¶ 12 (alleging that Defendants "failed to properly adjust the claim . . . with obvious knowledge and evidence of serious cosmetic and structural damage"). Although Plaintiffs refer to "Defendants" in the plural, the allegations are sufficient to alert Defendants of Plaintiffs' theory that Greenhouse, the adjuster, knowingly failed to perform his duties to identify covered damage to Plaintiffs' home. The Petition also alleges a second pertinent claim, namely, that Defendants violated the Texas Unfair Competition and Unfair Practices Act, TEX. INS. CODE § 541.060(1), (2), by "misrepresent[ing] to Plaintiffs that the damage to the property was not covered under the policy, even though the damage was caused by a covered occurrence" and by "fail[ing] to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the policy." *See* Petition [Doc. # 4-1], at 3, ¶¶ 15–16. These allegations give "fair notice" of the subjects of the claims against Defendant Greenhouse.[9]

---

[9] The Court does not condone Plaintiffs' boilerplate pleading without differentiation or specific allegations against each Defendant separately. It is noted that the enactment of Texas Rule of Civil Procedure 91a may discourage these generalized pleading practices. *See* TEX. R. CIV. P. 91a ("[A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts
(continued…)

Defendant Pillar has not otherwise argued that the allegations in these paragraphs, if proven, would not be the basis for a claim under Texas state law against Defendant Greenhouse.[10]  The Court therefore concludes the Petition gives Defendants fair notice of Plaintiffs' state insurance law claims.  *Cf. Gasch*, 491 F.3d at 281–82 ("[A]ny doubt about the propriety of removal must be resolved in favor of remand.").  Pillar has not made a showing of improper joinder.

The presence of potentially viable claims against a non-diverse defendant, Greenhouse, deprives the Court of subject matter jurisdiction.  The Court must therefore remand the case to Texas state court.

## IV.  CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that it lacks subject matter jurisdiction over this action.  It is therefore

**ORDERED** that Plaintiffs Hector Puente and Teresa Rivera's Motion to Remand [Doc. # 7] is **GRANTED**.  The Court will issue a separate Remand Order.

---

(continued…)
pleaded."); *see also Bart Turner & Assocs. v. Krenke*, Civ. A. No. 3:13-2921, 2014 WL 1315896, at *3 (N.D. Tex. Mar. 31, 2014) (discussing potential impact of Rule 91a on improper joinder analysis).

[10]  In the Amended Notice of Removal, Pillar argues that Plaintiffs cannot recover from Greenhouse under the Deceptive Trade Practices Act because they "were not 'consumers' as to Greenhouse." Doc. # 4, at 4.  Pillar did not brief this argument in its Response.  In any event, Plaintiffs have pleaded an actionable claim under the Texas Insurance Code and the presence of even a single claim against a non-diverse defendant suffices to defeat diversity jurisdiction.

SIGNED at Houston, Texas, this  11th  day of **March, 2016**.

*/s/ Nancy F. Atlas*
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE